UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE GONZALEZ,<br><br>    Petitioner,<br><br>v.<br><br>JANET NAPOLITANO, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>    Respondents. | Civil Action Number: 2:09-03426<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

## MEMORANDUM OPINION

Petitioner has filed a motion to stay and limit discovery arguing that broad discovery, otherwise consistent with the Federal Rules of Civil Procedure, is inconsistent with the Administrative Procedures Act (the "APA") and with precedents and norms governing judicial review of agency action. The Government argues that *de novo* review, expressly granted under 8 U.S.C. § 1421(c), allows, if not requires, this Court to look beyond the administrative record in conjunction with discovery going beyond the four corners of the administrative record. Congress's determination that judicial review of agency decision-making in the naturalization context should be *de novo* is most unusual if not wholly unique, in federal law. For that reason, and for other reasons elaborated below, Petitioner's motion will be **DENIED** and the Government will be permitted broad discovery consistent with the Federal Rules.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner Jose Gonzalez was born in Panama and is a citizen of Spain. He married a United States citizen. His wife filed a petition for the adjustment of his status on his behalf and he was granted Lawful Permanent Resident status based on that application. He was subsequently divorced, and, thereafter, filed a petition for naturalization. The United States Citizenship and Immigration Services ("USCIS") denied his application during 2007 on the grounds that he (allegedly) made false statements in regard to his prior marriage. He subsequently appealed this decision and exhausted available administrative remedies, when USCIS denied his administrative appeal on June 12, 2009 on the merits. On June 24, 2009, USCIS served a notice to appear ("NTA") on Petitioner. The NTA charges that Petitioner is removable pursuant to 8 U.S.C. § 1227(a)(1)(B). Furthermore, on June 24, 2009, the NTA was referred to the Immigration Court in Newark, New Jersey. On July 10, 2009, and pursuant to 28 U.S.C. § 1421(c), Petitioner timely sought *de novo* judicial review of the USCIS's June 12, 2009 denial of his application for naturalization.

The Government seeks to depose two persons – his former legal wife, and his current partner (who is the mother of Petitioner's two children) – arguing that their testimony may lead to the discovery of admissible evidence relating to the substantive legal issues in dispute under controlling immigration law (that is, (1) whether Petitioner was lawfully admitted for permanent residence, and (2) whether he is a person of good moral character). Petitioner objects to the Government's taking their deposition on the grounds that the proposed

deponents had not been deposed in connection with the prior administrative proceedings nor did they testify before the administrative law judge ("ALJ").

## II. ANALYSIS

District court jurisdiction and the standard of review of agency decision-making in the naturalization context is controlled by 8 U.S.C. § 1421, which provides:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

8 U.S.C. § 1421(c). By referencing chapter 7 of title 5 of the United States Code, Section 1421 incorporates the procedures of the Administrative Procedures Act (the "APA"). *See* 5 U.S.C. §§ 701 et seq. In most contexts, judicial review of agency decision-making (under the APA or otherwise) limits the field of review to the agency's record. As the Supreme Court has explained: "It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); *see also Facchiano Const. Co., Inc. v. U.S. Dep't of Labor* 987 F.2d 206, 215 (3d Cir. 1993) (same). Given that testimony of these proposed deponents was not relied upon by the agency in reaching its determination, it might be argued that review here should be limited to the issues put forward by the Government in prior proceedings, to the basis articulated by the agency for denying naturalization, and, by

3

extension, to those witnesses and deponents that made the record below.

On the other hand, Federal Rule of Civil Procedure 81 states: "These rules apply to proceedings for admission to citizenship to the extent that the practice in those proceedings is not specified in federal statutes and has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(3). It appears that application of the Federal Rules of Civil Procedure is "the norm under the current naturalization provision ... and was the norm under the prior law, under which the district courts had sole authority for determining eligibility for naturalization ...." *Chan v. Gantner*, 464 F.3d 289, 296 (citing *Tutun v. United States*, 270 U.S. 568, 577 (1926) (stating that petitions for naturalization were "instituted and ... conducted ... according to the regular course of judicial procedure")). Likewise, Petitioner points to no federal statute "specif[ying]" a different result. That is some reason to apply the broad discovery rules of the Federal Rules without limitation. Because Rule 81 is express law, the federal common law of judicial review of agency decision-making would appear to give way. *Cf.* Rules Enabling Act, 28 U.S.C. § 2072 (mandating that in matters of "practice and procedure," the Federal Rules shall govern, and "[a]ll laws in conflict with such rules shall be of no further force or effect"); *City of Milwaukee v. Illinois*, 451 U.S. 304, 313-14 (1981) ("[F]ederal common law ... is resorted to [only] in absence of an applicable Act of Congress.").

Furthermore, the scope of the Court's review is *de novo*. *De novo* review of agency decision-making is rare,[1] if not unique[2] to the naturalization context. Appellate authority has

---

[1] *See Nagahi v. INS,* 219 F.3d 1166, 1169 (10th Cir. 2000) (noting that "[t]his grant of authority is unusual in its scope – rarely does a district court review an agency decision

held that the district courts are not limited to the administrative record in this context under this standard of review. *See Aparicio v. Blakeway*, 302 F.3d 437, 445 (5th Cir. 2002) ("Judicial review of naturalization denials is always available and is de novo, and is not limited to any administrative record but rather may be on facts established in and found by the district court de novo."). The District Courts of the Third Circuit have not departed from this position. *See Ajuz v. Mukasey,* 2009 WL 902369, at *3 (E.D. Pa. April 2, 2009) (quoting *Aparicio* approvingly).

Finally, it would appear that mandated *de novo* review cannot be meaningfully applied if the Court is limited to the record below. *De novo* review requires this Court to determine the facts based on what it hears, not on what the ALJ heard and concluded in regard to contested facts. But if that is the case, then this Court cannot be limited to the witnesses, deponents, and the discovery decisions made by the ALJ.

## III.   CONCLUSION

For the reasons elaborated above, the Court **DENIES** Petitioner's motion to stay and limit discovery. An appropriate order accompanies this memorandum opinion.

|  |  |
|---|---|
| **DATE: September 1, 2010** | s/ William J. Martini<br>**William J. Martini, U.S.D.J.** |

---

de novo and make its own findings of fact"); *Chan v. Gantner,* 464 F.3d 289, 291 (2d Cir. 2006) (same).

[2] *See Abghari v. Gonzales*, 596 F. Supp. 2d 1336, 1142 (C.D. Cal. 2009) (denominating district court authority in this context unique).